WEILL & CO. (INC.) *v.* UNITED STATES (No. 2289).[1]

CEMENT, PORTLAND, NONSTAINING GRAY AND WHITE.

The provision of paragraph 74, tariff act of 1913, for "white, non-staining Portland cement" requires the cement to be both *white* and nonstaining. It therefore expressly excludes *gray* nonstaining Portland cement. Especially is this true in view of proof that the gray and white are different articles commercially, sold for different prices and used for different purposes. To hold the gray dutiable under the not specially provided for provision of the paragraph would render inoperative the provision of free list paragraph 444 for Portland cement. It is therefore classifiable under paragraph 444.

United States Court of Customs Appeals, November 17, 1923.

APPEAL from Board of United States General Appraisers, G. A. 8637 (T. D. 39605).

[Reversed.]

*Curie, Lane & Wallace* (*Samuel Isenschmid* of counsel for appellant).
*William W. Hoppin,* Assistant Attorney General (*William H. Futrell,* special attorney, of counsel), for the United States.

[Oral argument October 4, 1923, by Mr. Isenschmid and Mr. Hoppin.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, and BLAND, Associate Judges.

SMITH, Judge, delivered the opinion of the court:

Portland cement imported at the port of New York was classified by the collector of customs as white nonstaining Portland cement and was accordingly assessed for duty at 10 per cent ad valorem

---

[1] T. D. 39890.

under that part of paragraph 74 of the act of 1913, which reads as follows:

74. * * * white, non-staining Portland cement, Keene's cement, or other cement of which gypsum is the component material of chief value, and all other cements not specially provided for in this section, 10 per centum ad valorem.

The importer protested that the importation was not subject to duty, and that it was entitled to free entry under the provisions of the free list which, in so far as pertinent, reads as follows:

FREE LIST.

That on and after the day following the passage of this act, except as otherwise specially provided for in this act, the articles mentioned in the following paragraphs shall, when imported into the United States, * * * be exempt from duty:

444. Cement, Roman, Portland, and other hydraulic.

The board overruled the protest and the importer appealed.

Counsel for the parties to the appeal admit that the merchandise in issue is nonstaining Portland cement, that is to say, a Portland cement containing such a small percentage of iron oxides that when wetted it will not stain the stones, brick, or other material which it joins together.

The evidence in the case establishes without contradiction that Portland cement is a hydraulic cement and that there are two kinds of nonstaining Portland cement, one gray in color and the other white.

That the importation is not a white but a gray cement is proven by the samples in evidence and the uncontradicted testimony submitted by the importer on the hearing before the board. It further appears from the record that the white nonstaining Portland cement is used for the making of a white joint for the joining together of white stones or other material white in color. Gray nonstaining Portland cement is not suitable for that purpose and has a lower value than the white nonstaining Portland cement.

From the record as made on the hearing before the board we must hold therefore that gray nonstaining Portland cement differs in use from white nonstaining Portland cement and is a distinctly different commercial commodity.

The free list provision hereinbefore quoted expressly exempts from duty all Portland cement *not otherwise specially provided for* and consequently the only question presented to us for decision is whether gray nonstaining Portland cement is elsewhere provided for and subjected to duty.

The only provision cited to us by the Government which imposes a duty on Portland cement is paragraph 74 and as that paragraph is limited by its terms to white nonstaining Portland cement, we must rule that it is not applicable to the importation which is not white, but gray in color. ..

The Government's contention that paragraph 74 designates for duty all white cement and also all Portland cement would result in giving no effect whatever to the free list which exempts from duty Portland cement not otherwise specially provided for. That con-struction can not be accepted inasmuch as the paragraph is reasonably open to another interpretation which, by limiting the provision to white nonstaining Portland cement, would not render wholly inoperative paragraph 444.

We must therefore hold that paragraph 74 is restricted to white nonstaining Portland cement and that gray nonstaining Portland cement is exempt from duty under paragraph 444 and the provisions of the free list as a Portland cement not otherwise specially provided for.

The decision of the Board of General Appraisers is *reversed*.